FILED

2005 Dec-22  PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **FRANKIE WILLIAMS, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case: 5:03CV2009-VEH** |
| | ) | |
| **CHRISTOPHER PLUMBING &** | ) | |
| **ELECTRIC, INC., AND TONY** | ) | |
| **CHRISTOPHER.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This is a Fair Labor Standards Act of 1938[1] action seeking compensation for overtime allegedly worked but not paid.  The plaintiffs are all employees or former employees of Christopher Plumbing & Electric, Inc. ("Christopher Plumbing"). Plaintiff Williams claims that, while he was classified as a supervisor, he worked more than 40 hours in a given week, but was not paid any overtime pay.  All the plaintiffs, including Williams, allege that their "compensated work day" did not begin until they arrived at the work site[2] although they performed services for Christopher Plumbing (loading and unloading trucks; fueling trucks, and riding to and from the

---

[1] FLSA, 29 USC §§ 201-219 (1988)

[2] Christopher Plumbing is a construction company that does commercial and industrial plumbing, electrical underground utilities, and concrete work.  (Christopher Depo., p. 12)

work site) before the beginning of, and after the end of, the compensated work day.

The plaintiffs seek to have two classes certified, and approval of two collective action notices.  (Plaintiffs' Motion to Certify Two Classes and Send Opt-In Notices, Doc. 30; Exhibit N to Doc. 30) For the reasons hereinafter set forth, the Motion is **GRANTED**.

## I.    FLSA

The FLSA requires employers to pay overtime for "employment in excess of [forty hours per week] at a rate not less than one and one-half times the regular rate of which [the employee] is employed."  29 U.S.C. § 207 (a)(1).  Section 216 (b) of the FLSA provides, in pertinent part, that "[a]n action to recover . . . liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  "Thus, under the FLSA, potential plaintiffs must 'opt in' to a collective action to be bound by the judgment (and to benefit from it)." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 160 (S.D. N.Y. 1997) A district court may permit an opt-in notice to be sent to potential plaintiffs.  *See Hoffman - La Roche Inc. V. Sperling*, 493 U.S. 165, 169-70 (1989).

The requirements of Fed.R.Civ.P. 23 do not apply to the approval of a collective action and thus the showing of numerosity, typicality, commonality and representativeness need not be made.  *See LaChappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975);[3] *See also, e.g., Garner v. G.D. Searle Pharmaceuticals & Company*, 802 F.Supp. 418, 421 (M.D. Ala. 1991).  Rather, the threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are "similarly situated."  *Stone v. First Union Corp.*, 203 F.R.D. 532, 535 (S.D. Fla. 2001) (discussing ADEA, which "borrows" the FLSA opt-in mechanism).  Although the plaintiffs must show a "reasonable basis" for their claim of class-wide discrimination, such a burden is "not heavy," and can be discharged by "making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits that 'successfully engage defendants' affidavits to the contrary.'"  *Grayson v. K-Mart Corp.*, 79 F.3d, 1086, 1097 (11th Cir. 1996), *cert denied*, 117 S.Ct. 435, 437 (1996)[4]

## II.  Allegations of Class-Wide Discrimination

### A.  Frankie Williams' Allegations

[3]In *Bonner v. City of Prichard*, 661 F.2d 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

[4]Also an ADEA case.

3

Williams alleges that as an hourly and as a salaried employee, he and other "supervisors" worked in excess of 40 hours per week without receiving overtime compensation, and that he and other supervisors were not paid for time spent on services for Christopher Plumbing that occurred before or after the compensated work day. The Defendants state that "there is no evidence to establish any pattern of failing to pay supervisors overtime pay for time spent working before or after the normal work day." (Defendant's Brief, Doc. 33, at 9). However, the very allegations that Defendants apparently concede cause hourly employees to meet the proposed class also apply to the supervisors. That is, the allegations and evidence are that no one received payment for time spent on the pre- or post- compensated work day activities. The court finds that supervisors therefore were similarly situated if they were not paid for such activities.[5]

### B.    Hourly Workers' Allegations

The other plaintiffs are hourly workers who allege the same facts and lack of compensation. For the same reasons, the court finds that the other plaintiffs were similarly situated.

### III.    Form of Notice

---

[5]The court expressly does not determine whether Williams, or any other salaried employee, was exempt under the FLSA.

4

The Plaintiffs have submitted two forms of notice.  (Doc. 30, Ex. N) The Defendants have objected (only) to the language at Section 3, Composition of Class. The court finds that Section 3 of each Notice should be revised to read, respectively,

> Current or former supervisors of Christopher Plumbing & Electric,  Inc., whether paid a set weekly salary, or by the hour, who were employed at any time between July 30, 2000 until the present date and who were not paid for time spent loading and/or unloading trucks, pumping diesel fuel, riding to the work site after performing such activities, and/or riding from the work site back to the shop.

and

> Current or former laborers and machine operators of Christopher Plumbing & Electric, Inc., whether paid a set weekly salary, or by the hour, who were employed at any time between July 30, 2000 until the present date and who were not paid for time spent loading and/or unloading trucks, pumping diesel fuel, riding to the work site after performing such activities, and/or riding from the work site back to the shop.

All other places in the proposed Notices which state "who were employed from July 30, 2000, until the present date" shall be revised to state "who were employed at any time between July 30, 2000, until the present date".

## IV.   Conclusion

The Motion is hereby **GRANTED**.  The plaintiffs are hereby authorized to send the Notices, revised as set forth in Section III. *supra*.

5

**DONE** and **ORDERED** this 22nd day of December, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge